NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Scott Clement,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-19-08266-PCT-SRB<br><br>**ORDER** |

    Petitioner, Dale Clement filed his Petition for Writ of Habeas Corpus on September 13, 2019 raising a claim of ineffective assistance of counsel during plea negotiations and of the failure of the state trial court to hold a hearing consistent with *State v. Donald*, 10 P3d. 1193 (Ariz. Ct. App. 2000). The Respondents filed their Answer on January 2, 2020 and Petitioner filed a Reply on March 18, 2020.

    On September 1, 2020, the Magistrate Judge issued his Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice and that a Certificate of Appealability be denied. The Magistrate Judge found the ineffective assistance of counsel claim to be without merit because Petitioner had failed to show that any alleged ineffectiveness resulting in prejudice and also found Petitioner's *Donald* claim procedurally defaulted. Petitioner filed timely written Objections and an Application for Certificate of Appealability on October 22, 2020. Respondents filed their Response to the Objections on October 30, 2020.

Petitioner argues that the Magistrate Judge erred in concluding that he was not prejudiced by counsel's alleged ineffectiveness and that the Magistrate Judge erroneously concluded that his *Donald* hearing claim was precluded and also ignored the cause and prejudice standard. The Response argues that Petitioner failed to articulate any prejudice and characterized proof of prejudice as "amorphous." Concerning the procedural default, the Response points to the Arizona Court of Appeals same finding and also argues the inapplicability of *Martinez v. Ryan*, 566 U.S. 1 (2012).

**Ineffective Assistance of Counsel**

In this Court and in state court Post-Conviction Relief proceedings, Petitioner claimed his trial counsel was ineffective in plea negotiations because, according to Petitioner, counsel urged him to reject a 10-year stipulated sentence in favor of a discretionary plea which ultimately resulted in a 12-year sentence. The state court held an evidentiary hearing on this claim. After hearing testimony from Petitioner and his trial counsel, the state court judge found Petitioner's testimony not credible and his trial counsel's testimony credible.  He also explained his reasons for rejecting Petitioner's version of events by referring to records and transcripts which also cast doubt on Petitioner's testimony about the plea discussions with his trial counsel. The Arizona Court of Appeals denied relief on the Petition for Review and upheld the rejection of the ineffective assistance of counsel claim highlighting the trial judge's offers to continue the plea hearing to give Petitioner more time to consult with counsel, Petitioner's statements that he had talked to his counsel and wished to go forward with the plea, the trial judge's specific advisement that the sentences could be ordered to be served consecutively, and Petitioner's statements to the trial court that he had read the plea agreement and his lawyer had explained it to him.

Citing to specific portions of the transcript of the plea colloquy between the trial judge and Petitioner, the Magistrate Judge concluded "Petitioner made clear that he had talked to his attorney and understood that the plea offer was to two felony counts, not one….[E]ven if [the Court] were to assume that counsel's performance fell below an

objective standard of reasonableness, Petitioner was not prejudiced because Petitioner was informed of the nature of the plea agreement and given the chance to reject the agreement before he pled guilty." (Doc.14, Report and Recommendation at 9) Also citing the plea colloquy transcript the Magistrate Judge concluded that it also contradicts Petitioner's claim that his trial counsel assured him of concurrent sentences.

In his Objections, Petitioner fails to point to specific evidence in the record to show where the Magistrate Judge erred in his conclusions. Petitioner simply repeats his claim that his counsel was ineffective in urging him to reject the 10-year plea and in failing to explain the risks and benefits of the plea he entered. In repeating his same arguments about what counsel did and did not explain, Petitioner ignores his own statements to the trial court during the plea colloquy that were relied upon by the Arizona state courts and the Magistrate Judge in concluding that Petitioner failed to show prejudice from any alleged ineffectiveness of his trial counsel before he entered his plea and the credibility findings by the state court. Petitioner's Objection is overruled.

**Failure to Hold a *Donald* Hearing**

In concluding Petitioner's claim that trial counsel was also ineffective because he was not provided a *Donald* hearing was procedurally defaulted, the Magistrate Judge noted that this issue was originally raised in his state court Petition for Post-Conviction Relief but was not raised in his Amended Petition and that the state appellate court found the *Donald* claim abandoned because it was not raised in the Amended Petition. While the Petition for Writ of Habeas Corpus only designated one claim of ineffective assistance of counsel, within that claim Petitioner argues that his plea agreement was unknowing and involuntary because "[t]he court was concerned and called into question whether the Petitioner had ever heard the terms of the plea agreement before. Immediately the court should have stayed the change of plea proceedings and engaged in a proper *Donald's* advisement or *Donald's* hearing." (Doc. 1, Pet. for Writ of Habeas Corpus at 23-24).

In addition to citing the finding of the Arizona Court of Appeals that the *Donald* claim was abandoned, the Magistrate Judge also found that the mere citation to *Donald* in

his Amended Petitioner for Post-Conviction Relief does not constitute an assertion of a separate constitutional violation and therefore there was no fair presentation of this claim in state court resulting in a procedural default. The Magistrate Judge also concluded that the procedural default could not be excused based on *Martinez v. Ryan* as a claim of ineffective post-conviction counsel because *Martinez v. Ryan* is not applicable to the claim Petitioner tries to raise here. Petitioner alleges this as a mistake of the trial judge not of counsel. Because the procedural default is not excused, the Magistrate Judge recommended that the claim be denied and dismissed with prejudice.

In his Objections, Petitioner argues that this is an ineffective assistance of post-conviction counsel claim allowable under *Martinez v. Ryan*. But Petitioner fails to address the basis for the Magistrate Judge's recommendation and the inapplicability of *Martinez v. Ryan* to the actual claim raised by Petitioner as one of the trial judge's alleged denial of a constitutional right and not a claim of ineffective assistance of post-conviction counsel. Petitioner's objection to the Magistrate Judge's Report and Recommendation concerning procedural default of the *Donald* claim is overruled.

**Application for Certificate of Appealability**

Petitioner also requests a Certificate of Appealability, but the Court agrees with the Magistrate Judge that he has not made the necessary showings to merit one.

**IT IS ORDERED** overruling Petitioner's Objections to the Report and Recommendation.

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the order of this Court.

**IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus and dismissing it with prejudice.

**IT IS FURTHER ORDERED** denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTTHER ORDERED** denying Petitioner's Application for Certificate of Appealability. (Doc. 18)

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 10th day of November, 2020.

_____
Susan R. Bolton
United States District Judge